Judy M. Iriye, Bar No. 10569
jiriye@littler.com
LITTLER MENDELSON, P.C.
500 Ala Moana Boulevard
Suite 7400, PMB #404
Honolulu, Hawaii 96813
Telephone:  808.650.6064
Facsimile:   213.652.1884

Attorneys for Defendant
HILTON HOTEL EMPLOYER LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>v.<br><br>HILTON HAWAIIAN VILLAGE LLC, a Domestic Limited Liability Company (LLC); HILTON HOTEL EMPLOYER LLC, a Foreign Corporation; JOHN DOES 1-10; MARY DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10, individually and severally,<br><br>        Defendants. | Civil No.<br><br>DEFENDANT HILTON HOTEL EMPLOYER LLC'S NOTICE OF REMOVAL TO FEDERAL COURT<br><br>Complaint Filed: November 13, 2025 |

## DEFENDANT HILTON HOTEL EMPLOYER LLC'S NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that Defendant Hilton Hotel Employer LLC, ("Defendant" or "HHE") hereby removes the above-captioned action from the Circuit Court of the First Circuit of the State of Hawaii to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the following grounds:

### STATEMENT OF JURISDICTION

1. As set forth more fully below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### VENUE

2. On November 13, 2025, Plaintiff Jane Doe ("Plaintiff") filed this action in the Circuit Court for the First Circuit, State of Hawaii, alleging acts and omissions occurring in the State of Hawaii. Venue properly lies in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. §§ 91, 1391, and 1441(a).

### PLEADINGS, PROCESS AND ORDERS

3. On or about November 13, 2025, Plaintiff commenced this action by filing a complaint in the Circuit Court for the First Circuit, State of Hawaii, entitled *Jane Doe v. Hilton Hawaiian Village LLC, a Domestic Limited Liability Company (LLC); Hilton Hotel Employer LLC, a Foreign Corporation; John Does 1-10; Mary*

*Does 1-10; Doe Corporations 1-10; Doe Partnerships 1-10; Doe Unincorporated Organizations 1-10; and Doe Governmental Agencies 1-10, individually and severally*, Case No. 1CCV-25-0001877 (herein referred to as the "Complaint"). The Complaint asserts a cause of action for negligence.

4.      Plaintiff caused the Summons and Complaint to be served on Defendant Hilton Hotel Employer LLC on January 20, 2026.  *See* Declaration of Judy M. Iriye ("Iriye Decl."), ¶ 4.  A true and correct copy of all pleadings, process, and orders that have been served upon Defendant as of this date, including the Complaint, are attached as Exhibits A and C to Iriye Decl., ¶¶ 3, 5.

## DIVERSITY OF CITIZENSHIP

5.      Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction is present when there is complete diversity between plaintiff and each defendant and the amount in controversy exceeds $75,000.

6.      For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Plaintiff alleges that, at all relevant times, she has resided in the State of Hawaii. Compl. ¶ 1. Plaintiff's residence is *prima facie* evidence of domicile. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (holding that residency can create a rebuttable presumption of domicile supporting diversity of citizenship).

3

7.      For diversity purposes, a limited liability company is deemed a citizen of every state of which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant is a limited liability company with its headquarters and principal place of business in Virginia. Declaration of James Smith ("Smith Decl."), ¶ 4. The sole member of Defendant is Hilton Employer Inc. Hilton Employer Inc. is a Delaware corporation and has its headquarters and principal place of business in Virginia. Smith Decl., ¶ 5. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding that a corporation's principal place of business is its "nerve center," which will normally be where it maintains its headquarters). Hilton Employer Inc. is therefore a citizen of Delaware and Virginia. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of ever State and foreign state by which it has been incorporated, and of the State or foreign state where it has its principal place of business."). Defendant HHE does not have any members that are residents or citizens of the State of Hawaii. Smith Decl., ¶ 6. Accordingly, Defendant HHE is a citizen of Delaware and Virginia. *See Johnson*, 437 F.3d at 899.

8.      HHE employs the team members at Hilton Hawaiian Village Waikiki Beach Resort, which is owned by Park Hotels & Resorts Inc. (a publicly-traded investment trust that is not related to Hilton Hotel & Resorts, including HHE.) Smith Decl., ¶ 7. Defendant Hilton Hawaiian Village LLC ("HHV") is not related to Hilton

4

Hotel & Resorts, including HHE. Smith Decl., ¶ 8. Thus, HHV was fraudulently joined. Fraudulently joined defendants are disregarded for purposes of determining complete diversity. *Chesapeake & Ohio Ry. Co. v. Cockerell*, 232 U.S. 146, 152 (1914).

9.     A defendant is fraudulently joined if the plaintiff fails to state a claim against it and that failure is "obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 81 F.2d 1336, 1339 (9th Cir. 1987). Under Hawaii law, a complaint must "set forth a short and plain statement of the claim that provides defendant with fair notice of what the plaintiff's claim is and the grounds upon which the claim rests." *Genesys Data Technologies, Inc. v. Genesys Pac. Technologies, Inc.*, 18 P.3d 895, 903 (Haw. 2001). However, the court will not accept conclusory allegations as true and the complaint must demonstrate that Plaintiff has stated a claim for relief. *Touchette v. Ganal*, 922 P.2d 347, 357 (Haw. 1996).

10.     Upon close inspection, Plaintiff's claims against HHV do not state a claim for relief. Plaintiff alleges that HHV is the owner and operator of The Hilton Hawaiian Village. Compl. ¶ 2. The Complaint states that Defendant HHE was the "entity responsible for hiring, training, and retaining employees for the resort known as 'The Hilton Hawaiian Village,' located at 2003 Kalia Road, Honolulu, Hawaii 96815." Compl. ¶ 3.

11.    Plaintiff then combines Defendant HHV and Defendant HHE as "Defendants Hilton" and makes allegations that pertain to one but not both of Defendants. *See*, *e.g.*, Compl. ¶¶ 3, 4, 10-13, 20-26, 29-30. For example, Plaintiff alleges that Defendants Hilton "employ various employees to maintain and manage 'The Hilton Hawaiian Village' resort, located at 2003 Kalia Road, Honolulu, Hawaii 96815," (Compl. ¶ 4), even though Plaintiff alleged that HHE, only, was the "entity responsible for hiring, training, and retaining employees for the resort known as 'The Hilton Hawaiian Village,' located at 2003 Kalia Road, Honolulu, Hawaii 96815." Compl. ¶ 3.  HHE, only, employed Plaintiff and D.D. *See* Compl. ¶ 3; Smith Decl., ¶ 7; Declaration of Julie Walker ("Walker Decl.") ¶¶ 4-6. Thus, although Plaintiff tries to muddy the waters, on the face of the complaint, Plaintiff has failed to state a claim for relief against HHV, which is simply the owner and alleged operator of The Hilton Hawaiian Village.  *See* Compl. ¶ 2.

12.    The presence of DOE defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendant sued under fictitious names shall be disregarded.").

## AMOUNT IN CONTROVERSY

13.    Plaintiff's Complaint does not specify the amount she seeks to recover in this action. Consequently, Defendant need only establish by a preponderance of

6

the evidence that the amount in controversy exceeds the statutory requirement in order to support a removal. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

14.     Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

15.     In measuring the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (citing *Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)). A notice of removal "'need include only a plausible allegation that the amount in

controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014))

16.    If the complaint does not clearly establish the jurisdictional amount, then the Court may consider facts in the removal petition. *Singer v. State Farm Mut. Auto Ins.*, 116 F.3d 373, 377 (9th Cir. 1997); s*ee also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").

17.    In this case, the allegations of the Complaint make clear that the damages Plaintiff seeks exceed $75,000. Plaintiff alleges significant injuries, including physical harm and emotional distress arising from an alleged sexual assault. Plaintiff seeks special and economic compensatory damages, emotional distress damages, and pleads entitlement to punitive damages.

18.    Plaintiff's hourly wage rate between June 1, 2025 and December 31, 2025 was $31.20.  Her hourly wage rate increased to $32.95 on January 1, 2026. Walker Decl., ¶ 6. Plaintiff is currently on an unpaid leave of absence.  *Id.* If Plaintiff remains on leave and is entitled to special damages based upon her wages with HHE, using the $32.95 hourly rate and assuming a 40-hour a week workweek, her damages accrue at approximately $1,318.00 weekly or $68,536.00 annually. If this case proceeds to trial in May 2027, approximately one and a half years from when

8

Plaintiff's lawsuit was filed, Plaintiff may be seeking approximately $102,804.00 in economic damages.

19.     The potential for punitive damages may be considered for purposes of meeting the amount in controversy requirement. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001); *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). If the allegations in Plaintiff's complaint are taken as true, punitive damages may be awarded in this case. Plaintiff alleges she is entitled to punitive damages arising from Defendant's allegedly negligent conduct that resulted in Plaintiff being sexually assaulted. Punitive damages in sexual assault cases regularly exceed $100,000. *See Vargas v. Oh*, 2024 WL 946510, at *8 (D. Hawaii Feb. 1, 2024) (collecting cases showing punitive damages ranging from $25,000 - $1 million in sexual assault cases).

20.     The prayer for relief in Plaintiff's Complaint includes "general and/or non-economic damages" or emotional distress damages. Emotional distress damages associated with alleged sexual assault are significant. While it is difficult to estimate a potential award for emotional distress damages, given the serious nature of Plaintiff's allegations, it is essentially guaranteed that her claim or potential award of emotional distress damages would meet or exceed $75,000, alone, without considering any other categories of damages Plaintiff seeks. The Ninth Circuit has reasoned that, in a retaliation case, "emotional distress damages would add at least

an additional $25,000 to [plaintiff's] claim. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2013).

21.    In addition to compensatory damages and punitive damages, Plaintiff specifically seeks to recover her attorneys' fees in her prayer for relief.[1] Although Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume they could exceed a damages award. Courts have noted that attorney's fees alone can often exceed the jurisdictional minimum, especially when a plaintiff's claims may not be immediately resolved. *See Haase v. Aerodynamics, Inc.*, 2009 U.S. Dist. LEXIS 96563, 14-15 (E.D. Cal. Oct. 16, 2009) ("the Court does not address this argument as even a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional minimum").

22.    In this case, litigation of this action through trial would require Plaintiff to incur attorneys' fees that will very likely surpass the $75,000 amount in controversy requirement on its own. For example, using a conservative assumption that Plaintiff would seek fees at a rate of $400/hour, Plaintiff would only be required to establish 188 total hours of attorney work to reach the $75,000 threshold. If

---

[1] Defendant rejects that Plaintiff is entitled to any award for attorneys' fees as there is no statute or contract that would permit her to recover attorneys' fees for her alleged causes of action. *See Arias v. Residence Inn by Mariott*, 936 F.3d 920 (9th Cir. 2019). However, Defendant submits that Plaintiff's request for attorneys' fees must be considered because she pleads it in the prayer for relief.

Plaintiff were to prevail at trial, it is likely that Plaintiff would claim more than $75,000 in attorneys' fees.

23.    Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Thus, Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

24.    For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

25.    Defendant does not concede Plaintiff's allegations are true, that her claims have any merit, that all of the above categories of damages or fees are available, or that the foregoing represents an appropriate method for calculating damages. Defendant provides the foregoing only to demonstrate that the amount in controversy, based on the relief sought by Plaintiff, exceeds the $75,000 jurisdictional requirement.

## TIMELINESS OF REMOVAL

26.     Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (holding that the 30-day removal period runs from the service of the summons and complaint; mere receipt of summons and complaint without service is insufficient to trigger removal period).

27.     Plaintiff caused the Summons and Complaint to be served on Defendant HHE, via the return of the signed Acknowledgment of Service, on January 20, 2026. Iriye Decl., ¶ 4, Ex. B. Defendant has therefore filed this Notice of Removal within 30 days of service of the Summons and Complaint on HHE, and this Notice of Removal is timely.

## NOTICE TO PLAINTIFF AND STATE COURT

28.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the District of Hawaii, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court for the First Circuit, State of Hawaii.

WHEREFORE, Defendant hereby respectfully request that this action be removed from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii and that the action proceed herein.

Dated:  January 29, 2026                    LITTLER MENDELSON, P.C.


                                            /s/  *Judy M. Iriye*
                                            Judy M. Iriye

                                            Attorneys for Defendant
                                            HILTON HOTEL EMPLOYER LLC

4903-8044-7360.1 / 063913.1584